NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

OCT 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUPERAMA CORPORATION, INC., DBA U.S.A. Sumo, a Nevada Corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TOKYO BROADCASTING SYSTEM TELEVISION, INC.; DOES, 1-100, inclusive, <br><br> Defendants-Appellees. | No.  19-55981 <br><br> D.C. No. 2:19-cv-03059-MWF-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 8, 2020[**]
Pasadena, California

Before:  M. SMITH and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Superama Corporation, Inc. ("Superama") appeals the district court's grant of

_____

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Tokyo Broadcasting System Television, Inc.'s ("TBS") motion to dismiss for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *See M.S. v. Brown*, 902 F.3d 1076, 1082 (9th Cir. 2018). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We accept well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). We affirm.

Superama organizes the U.S. Sumo Open and makes videos and photographs from the event available on YouTube. TBS inquired about licensing the footage for rebroadcasting on TV in Japan, but it never obtained a license. Superama later discovered that TBS had downloaded the copyrighted event footage, materially altered it, and rebroadcasted it throughout Japan — all without authorization.

Superama filed suit against TBS in the Central District of California for direct copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 501, *et seq.* In its complaint, Superama does not allege that the copyrighted footage was copied, reproduced, transmitted, or distributed in the United States. The district court granted TBS's motion to dismiss for lack of subject matter jurisdiction, finding that the alleged infringing activity took place entirely in Japan. Superama timely

2

appealed, arguing that there is subject matter jurisdiction because the downloaded material was stored on servers in the United States.

1.      We have previously held that "the United States copyright laws do not reach acts of infringement that take place entirely abroad." *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) (en banc). This holding derives from the longstanding rule that "[i]n general, United States copyrights laws do not have extraterritorial effect, and therefore, infringing actions that take place entirely outside the United States are not actionable." *Id.* at 1091 (internal citations omitted). Dismissal for lack of subject matter jurisdiction was thus proper here, as all alleged infringing activity took place outside of the United States.

We have found subject matter jurisdiction where an initial infringing act in the United States made further infringement abroad possible. *See L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 992 (9th Cir. 1998). Superama argues that jurisdiction exists because copyrighted material was downloaded from a United States server. But Superama cites no case holding that a download occurs where material is stored. Rather, because the infringing act of downloading the material occurred on a computer outside the United States, there was no act in the United States to establish jurisdiction. We also will not assume that some activity occurred in the United States based only on Superama's allegation that the material might have been distributed outside of Japan. Thus, neither *Subafilms* nor *L.A. News*

3

provide support for subject matter jurisdiction.

Superama advances a highly technical argument that infringement occurred in the United States because an exact copy of the footage was made on YouTube's server before it was downloaded in Japan. To advance this argument, Superama relies on *Sega Enters., Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1519 (9th Cir. 1992) (holding that intentionally copying software code during reverse-engineering may be a copyright violation) and *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 518 (9th Cir. 1993) (holding that unlicensed "copying" occurred when copyrighted software was transferred from a storage device to a computer in the United States). But neither case establishes a rule that infringement occurs when a download abroad automatically creates a copy of the material on a United States server. There is thus no basis for finding jurisdiction where downloaded material is stored in the United States, but all infringing activity takes place in another country.

2. Similarly, Superama's reliance on the predicate act doctrine is misplaced. Under that doctrine, a plaintiff may recover damages for foreign infringement when a predicate act of infringement took place in the United States. *See L.A. News*, 149 F.3d at 991–92. But this doctrine is inapplicable here, where the only asserted predicate act of infringement — the download of copyrighted material — occurred outside of the United States. The district court's dismissal of Superama's complaint for lack of subject matter jurisdiction was therefore proper.

4

3.     Finally, because Superama cannot plausibly allege that any infringement occurred in the United States, the district court did not abuse its discretion in denying its request for leave to amend.

**AFFIRMED.**